# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., PAUL E. ATKINSON, Plaintiff, v. PENNSYLVANIA SHIPBUILDING CO. and FIRST FIDELITY BANK, N.A., Defendants. | CIVIL ACTION<br><br>NO. 94-7316<br><br>FILED<br>DEC - 3 2007<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

**Memorandum and Order**

YOHN, J.                                             November 30, 2007

Paul E. Atkinson appeals the Clerk of court's taxation of costs against him. After the Third Circuit dismissed his False Claims Act case for lack of subject matter jurisdiction, *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506 (3d Cir. 2007), the Clerk taxed Atkinson $28,275.99 for costs incurred by defendant Pennsylvania Shipbuilding Co. ("Penn Ship") under authority of Rule 54(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. (Order of Clerk of Ct., May 15, 2007.) Because that rule and statute do not grant the Clerk authority to tax costs in this case, the court will grant Atkinson's appeal, vacate the order taxing costs against him, and allow Penn Ship to seek costs, if it chooses, under 28 U.S.C. § 1919.

I.      **Procedural History**

At the conclusion of over thirteen years of litigation, defendant Penn Ship seeks costs under Rule 54(b)(1) and § 1920. On July 28, 2004, this court granted Penn Ship and co-defendant First Fidelity Bank's motions for summary judgment, and Penn Ship filed its bill of costs on August 11, 2004. After Atkinson appealed the summary judgment, the Clerk stayed consideration of the bill of costs until April 3, 2007, shortly after entry of the Third Circuit's decision dismissing this case for lack of subject matter jurisdiction, *see Atkinson*, 473 F.3d at 531. When the Clerk notified Atkinson of the pending bill of costs, Atkinson requested first from the Clerk and then from this court an extension of time to serve his response. I granted Atkinson's request and gave him until May 14, 2007 to file his response to Penn Ship's application for costs. (Order, Apr. 18, 2007.) On May 14, 2007, Atkinson filed a motion to strike Penn Ship's bill of costs, along with a proposed order and supporting memorandum of law. Atkinson filed his motion to strike with the court. (*See* Mem. in Support of Appeal from the Clerk's Taxation of Costs 2, May 22, 2007.) The next day, the Clerk taxed costs against Atkinson, noting Atkinson's failure to file any objection to the bill of costs. (Clerk's Taxation of Costs 1, May 15, 2007.) The Clerk entered judgment awarding Penn Ship costs that same day.

Atkinson protested the award to the Clerk's office, drawing attention to the fact that he had filed an objection by May 14, 2007, the deadline ordered by this court. (*See* Decl. of William N. France 2, May 22, 2007.) After unsuccessfully asking the Clerk's office to vacate the order awarding costs, Atkinson appealed the order to this court pursuant to Rule 54(d)(1).

2

Atkinson timely filed this petition for review on May 22, 2007, five working days from the day of the Clerk's taxation of costs.[1]

## II. Jurisdiction to Award Costs

Atkinson claims that by taxing costs under Rule 54(b)(1) and § 1920, the Clerk's office applied the wrong statutory authority and that, under the proper statute, 28 U.S.C. § 1919, only this court, not the Clerk, is authorized to award costs. The court agrees with Atkinson and will vacate the order taxing costs against Atkinson, allowing Penn Ship to seek costs, if it chooses, through a proper motion to this court under § 1919. As this issue is dispositive, the court need not address the other issues raised by Atkinson.[2]

The court will vacate the judgment for costs because the Clerk lacked authority to tax costs in this action. Section 1919, not Rule 54(d)(1) or § 1920, is the proper avenue for Penn Ship to seek costs after the Third Circuit dismissed the entire complaint for lack of subject matter jurisdiction under the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4), see *Atkinson*, 473 F.3d at 531 ("We hold that Atkinson's FCA action must be dismissed in its entirety under Fed. R. Civ. P. 12(b)(1) for want of jurisdiction."). Section 1919 grants only the district court authority to award costs after dismissal for lack of subject matter jurisdiction. See *Ericsson GE Mobile Communics., Inc. v. Motorola Communics. & Elecs., Inc.*, 179 F.R.D. 328, 330 (N.D. Ala. 1998) (finding that "the clerk could not have assessed costs pursuant to § 1919"). It provides:

---

[1] Penn Ship failed to file a response to Atkinson's appeal.

[2] In addition to contesting the proper statutory authority, Atkinson alleges that the Clerk's office violated procedural rules by taxing costs without considering Atkinson's opposition to defendant Penn Ship's bill of costs, that Penn Ship was not a prevailing party as required to award costs under Rule 54(b)(1), and that the costs as taxed were excessive.

3

"Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." This grant of authority was "manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs." *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 387 (1884).

Section 1919 is an express carve out from Rule 54(d) and § 1920, which allow the Clerk to award specified costs as a matter of course to a prevailing party. In relevant part, Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."[3] Because express provision of costs is made in § 1919, Rule 54(d)(1) does not apply to cases dismissed on jurisdictional grounds. *See Hygenics Direct Co. v. Medline Indus., Inc.*, 33 Fed. Appx. 621, 625 (3d Cir. 2002) ("Because there is a statute, 28 U.S.C. § 1919, that expressly covers the situation here, i.e., dismissal for lack of subject matter jurisdiction, Rule 54(d)(1) is not applicable."); *accord Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1339 (10th Cir. 1998) ("We must keep in mind the fact that in the instant case we are dealing with what are 'just costs' under 28 U.S.C. § 1919, and not with costs allowed under § 1920 or Fed. R. Civ. P. 54(d)."). Where § 1919 applies, the Clerk may not

---

[3] Federal Rule of Civil Procedure 54(d)(1) provides in its entirety:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

4

tax costs under Rule 54(d)(1) or § 1920. *See id.*; *Ericsson*, 179 F.R.D. at 330 (concluding that "§ 1919 elbows aside both § 1920 and Rule 54(d)(1)"). Thus, the proper avenue for Penn Ship to recover costs is § 1919. *See Hygenics*, 33 Fed. Appx. at 625.

In this case, the Third Circuit held that this court lacked jurisdiction to hear Atkinson's claims under § 3730(e)(4)'s public disclosure bar.[4] Because the Third Circuit found that all of the claims should have been dismissed in this court for want of jurisdiction, § 1919 grants this court authority to award just costs. *See Mallone v. Fahey*, 122 F. Supp. 472, 475-76 (S.D. Cal. 1954) (concluding that § 1919 applied to a case where the court of appeals ruled that the district court lacked jurisdiction and remanded to the district court to enter judgment). Because § 1919 applies to this case, the Clerk incorrectly found authority under Rule 54(d)(1) to award costs. I will, therefore, vacate the Clerk's order taxing costs and strike Penn Ship's bill of costs, allowing Penn Ship to refile under § 1919.

---

[4] The Third Circuit affirmed this court's "order of dismissal of all counts, as applicable, of the Second and Third Amended Complaints" and held that Atkinson's entire FCA action should have been dismissed for lack of subject matter jurisdiction. *See Atkinson*, 473 F.3d at 530-31. It did not, however, remand for an order dismissing the conspiracy count that this court previously allowed to proceed to summary judgment. Because of this procedural posture, this court, strictly speaking, never dismissed the count for which it granted summary judgment. Nonetheless, because the Third Circuit's holding is the law of the case, this court must proceed for purposes of applying § 1919 as if it had properly dismissed the case on jurisdictional grounds in the first instance.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
ex rel., PAUL E. ATKINSON,
    Plaintiff,

v.

PENNSYLVANIA SHIPBUILDING CO. and
FIRST FIDELITY BANK, N.A.,
    Defendants.

CIVIL ACTION

NO. 94-7316

FILED
DEC - 3 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**Order**

YOHN, J.

And now, this ___ day of November 2007, upon careful consideration of plaintiff Paul Atkinson's appeal from the Clerk's taxation of costs and entry of judgment thereon (Docket No. 261), as well as supporting documentation, it is hereby ORDERED that:

1. Plaintiff's appeal is GRANTED.

2. The Clerk's taxation of costs and judgment taxing costs in favor of defendant Pennsylvania Shipbuilding Co. (Docket Nos. 257 & 258) are VACATED.

3. Pennsylvania Shipbuilding Co.'s bill of costs (Docket No. 210) is STRICKEN without prejudice. Pennsylvania Shipbuilding Co. is GRANTED leave to file for payment of just costs under 28 U.S.C. § 1919 within 14 days of the date of this order.

4. Plaintiff's motion to strike Pennsylvania Shipbuilding Co.'s bill of costs (Docket No. 254) is DISMISSED AS MOOT.

mailed + e-mailed

William H. Yohn Jr., Judge