# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., PAUL E. ATKINSON, Plaintiff, v. PENNSYLVANIA SHIPBUILDING CO. and FIRST FIDELITY BANK, N.A., Defendants. | CIVIL ACTION NO. 94-7316 |

## Memorandum and Order

YOHN, J.                                                                            January _____, 2008

After extensive litigation, in which it was totally successful, defendant Pennsylvania Shipbuilding Co. ("Penn Ship") moves for $28,275.99 in costs pursuant to 28 U.S.C. § 1919. Plaintiff Paul E. Atkinson opposes an order awarding costs. For the reasons explained below, the court will grant Penn Ship's motion and award the requested costs.

### I.     Procedural History

On July 28, 2004, this court granted Penn Ship's and codefendant First Fidelity Bank's motions for summary judgment, resolving the underlying action, and Atkinson appealed that judgment. On August 11, 2004, Penn Ship filed its bill of costs. The Clerk stayed consideration of the bill of costs until after the Third Circuit ruled on the case. On April 3, 2007, after the court of appeals dismissed the case for lack of subject matter jurisdiction under the False Claims Act, 31 U.S.C. § 3730(e)(4), *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506,

531 (3d Cir. 2007), the Clerk reinstated Penn Ship's bill of costs.  On May 15, 2007, the Clerk taxed Atkinson for costs incurred by Penn Ship under authority of Rule 54(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 and entered judgment awarding Penn Ship costs.  (Docket Nos. 257 & 258.)  Atkinson timely filed a petition for review on May 22, 2007, and Penn Ship did not file a response.  Because Rule 54(b)(1) and § 1920 did not grant the Clerk authority to tax costs after the Third Circuit dismissed the case for lack of subject matter jurisdiction, this court granted Atkinson's petition on November 30, 2007, vacated the order taxing costs against him, and allowed Penn Ship to seek costs under 28 U.S.C. § 1919, the proper statutory authority.  *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, No. 94-7316, 2007 U.S. Dist. LEXIS 88346, at *8 (E.D. Pa. Dec. 3, 2007).

Pursuant to the court's order, on December 17, 2007, Penn Ship moved under § 1919 for $28,275.99 in costs solely incurred in the recording and transcribing of depositions in its defense of this case.[1]  Penn Ship's motion included the declaration of Thomas H. Lee (the "Lee Declaration"), certifying the overall costs and reasons for the depositions, a list of depositions and corresponding costs, and copies of the specific invoices that Penn Ship paid.  Atkinson filed his opposition on January 7, 2008.

**II.    Award of Costs**

This court has jurisdiction under § 1919 to award just costs because the Third Circuit dismissed the entire complaint for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1919 ("Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such

---

[1] The deposition costs can be grouped into three categories:  (1) Penn Ship's depositions of Atkinson and Eugene Schorsch, (2) Penn Ship's depositions of Navy personnel, and (3) Atkinson's depositions of other individuals.

court may order the payment of just costs."); *see also, e.g.*, *Hygienics Direct Co. v. Medline Indus., Inc.*, 33 F. App'x 621, 625 (3d Cir. 2002) (concluding that "there is a statute, 28 U.S.C. § 1919, that expressly covers the situation here, i.e., dismissal for lack of subject matter jurisdiction"); *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1339 (10th Cir. 1998) (noting that "when an action is dismissed by a district court, or a few other enumerated courts, for want of jurisdiction . . . , the payment of 'just costs' may be ordered").

Section 1919's grant of authority was "manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs." *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 387 (1884). Under § 1919, however, "there is no presumption that costs will be awarded." *Hygienics*, 33 F. App'x at 625. "The awarding of costs under § 1919 turns on whether such an award is 'just.'" *Id.* (citing *Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27 (E.D. Wis. 1996)); *see also Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 179 F.R.D. 328, 331 (N.D. Ala. 1998) ("The sole question before the court in this case can be restated simply as 'What is fair here?'"). This highly discretionary determination is vested with the district court, and the court's decision should be based on the particular facts and circumstances of the case. *Hygienics*, 33 F. App'x at 624.

As a preliminary matter, Atkinson opposes an award of costs because Penn Ship filed its motion without an official bill of costs and because the Lee Declaration purportedly does not

comply with 28 U.S.C. § 1924.[2] The court concludes that the Lee Declaration sufficiently documents the costs sought in the present motion by properly certifying the attached list of depositions with their corresponding costs and the attached copies of the invoices as necessarily incurred and actually performed in this litigation. *See Schauffler v. United Ass'n of Journeymen, Local 420*, 246 F.2d 867, 870 (3d Cir. 1957) (affirming that "[i]n any event, the costs were verified . . . to the satisfaction of the district court even though the precise procedure of Section 1924 was not followed").[3]

The court now turns to the substance of the request. Atkinson opposes an order awarding costs because his pursuit of this action was not frivolous or vexatious. Atkinson argues that the Third Circuit's unpublished opinion in *Hygienics Direct Co. v. Medline Indus., Inc.* mandates that this court cannot award costs because this court has already determined that Atkinson did not act in a frivolous or vexatious manner when the court denied Penn Ship's request for attorney fees and expenses, *see United States ex. rel. Atkinson v. Pa. Shipbuilding Co.*, No. 94-7316, 2007 WL 4233471 (E.D. Pa. Nov. 30, 2007). In *Hygienics*, the Third Circuit applied an abuse of discretion standard to affirm the district court's denial of costs under § 1919. 33 F. App'x at 624-25. The Third Circuit did not announce a test to determine "just" costs and did not adopt a

---

[2] Section 1924 provides:

Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

[3] The court also notes that Atkinson disputes only the form of the submission, not the veracity of the deposition costs claimed by Penn Ship.

"frivolous or vexatious" standard. It merely reviewed the district court's determination that costs were not warranted in that case and ruled that the district court had not abused its discretion in concluding that "the award of costs would not be 'just' because Hygienics had acted in a reasonable manner." *Id.* at 626.

The court disagrees with Atkinson's assessment of the persuasive value of *Hygienics*. The Third Circuit's affirmation of the district court's denial of the award in *Hygienics* provides an example of a case where the district court did not abuse its discretion in denying costs under the "just" standard, but *Hygienics* is not a statement of precedent that this and all district courts must deny a request for an award of costs under § 1919 where pursuit of the case was not frivolous or vexatious. To construe the holding in *Hygienics* as requiring a showing of frivolousness or vexatiousness to award costs under § 1919 would add additional requirements to the statute that are not contained in its express terms and read a standard into *Hygienics* that is not there. The "vexatious and frivolous" language belongs to the district court in that case, not the court of appeals.

Penn Ship argues that an award is appropriate where the amounts are "reasonably necessary for use in this case," relying on the Tenth Circuit's ruling in *Callicrate v. Farmland Indus., Inc.*, 139 F.3d. at 1340, which the Third Circuit cited with approval in *Hygienics*. This decision, while useful in its guiding application of the term "just" to the types of deposition costs sought here, offers little additional guidance to the court because it stands for nothing more than the obvious proposition that costs incurred without reasonable necessity for use in the litigation cannot be just. To construe the holding in *Callicrate* as a mandate requiring the district court to

award costs any time the costs were reasonably necessary would limit the court's statutorily granted flexibility to award costs only when just.

Instead of equating "just" with "not frivolous or vexatious" or "necessary and reasonable," the court will evaluate the justness of ordering payment of costs by giving "careful scrutiny" to "items proposed by winning parties as costs." *Callicrate*, 139 F.3d at 1340 (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964)). In this case, Penn Ship seeks $28,275.99 in deposition costs. The court first notes that other courts have not hesitated to order payment of deposition costs under § 1919 when justice so requires. *See id.* at 1339-42; *Mashak v. Hackler*, 303 F.2d 526, 526-27 (7th Cir. 1962); *Ericsson GE Mobile Commc'ns, Inc.*, 179 F.R.D. at 334; *Oster v. Rubinstein*, 142 F. Supp. 620, 621 (S.D.N.Y. 1956).

Considering the factual basis and procedural history of this case, the court concludes that it would be just to award the requested deposition costs to Penn Ship because Penn Ship endured lengthy litigation in which it ultimately prevailed on its early jurisdictional challenge. Penn Ship was forced to defend through the summary judgment stage a claim that this court eventually found to be meritless. *See Atkinson v. Pa. Shipbuilding Co.*, No. 94-7316, 2004 U.S. Dist. LEXIS 14532, *45-49 (E.D. Pa. July 28, 2004), *aff'd,* 437 F.3d at 531. Furthermore, the court warned Atkinson on numerous occasions to proceed with caution, *see Atkinson v. Pa. Shipbuilding Co.*, No. 94-7316, 2000 U.S. Dist. LEXIS 12081, *6, 81 (E.D. Pa. Aug. 24, 2000), so the imposition of costs against Atkinson cannot be considered unjust. Penn Ship was ultimately vindicated, but was forced to pay for extensive litigation. The specific deposition costs Penn Ship requests are directly related to its success and are minimal when compared to the overall costs it has spent to defend this case. Justice requires that the court award the deposition

costs Penn Ship now seeks to recoup. It would be inequitable and unjust to penalize Penn Ship by not awarding deposition costs that were clearly necessary to properly prepare for this case at the time the depositions were taken.[4] The court will grant Penn Ship's motion and order Atkinson to pay $28,275.99 in costs pursuant to 28 U.S.C. § 1919.

---

[4] Atkinson asks the court to reduce the award to cover only the deposition transcripts for one day each for Atkinson and Schorsch, since the current federal rules provide for a presumption that each witness will be deposed for only one seven hour day. *See* Fed. R. Civ. P. 30(d)(2). The court will deny this request. Rule 30(d)(2) did not take effect until after the depositions of Atkinson and Schorsch were taken, those depositions were integral to defendants' success in this case on the issue of the public disclosure-original source jurisdictional bar, and Atkinson did not oppose the number or length of the depositions during discovery at that time. The court finds that Atkinson has presented no persuasive evidence that the deposition costs at issue were not reasonably necessary.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., PAUL E. ATKINSON,<br>    Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA SHIPBUILDING CO. and<br>FIRST FIDELITY BANK, N.A.,<br>    Defendants. | CIVIL ACTION<br><br>NO. 94-7316 |

## Order

YOHN, J.

And now, this _____ day of January 2008, upon careful consideration of defendant Pennsylvania Shipbuilding Co.'s motion for costs (Docket No. 276), plaintiff Paul E. Atkinson's response thereto, and Penn Ship's reply, it is hereby ORDERED that Pennsylvania Shipbuilding Co.'s motion for costs is GRANTED.  Judgment is ENTERED for Pennsylvania Shipbuilding Co. and against Paul E. Atkinson in the amount of $28,275.99.

  s/ William H. Yohn Jr.
  William H. Yohn Jr., Judge
